UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

––––––

VINCENT ONGORI,

                             Plaintiff,                        Case No. 2:16-cv-146

v.                                                 Honorable Gordon J. Quist

CITY OF MIDLAND, et al.,

                             Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

## Factual Allegations

Plaintiff Vincent Ongori, a state prisoner currently confined at the Chippewa County Jail, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants City of

Midland and City Attorney James O. Branson, III.  In his complaint, Plaintiff alleges that on July 23, 2015, Defendant Branson discriminated against Plaintiff on the basis of his race in relation to a traffic violation.  On September 23, 2015, Defendant Branson authored an email which defamed Plaintiff and destroyed his reputation.  Plaintiff further claims that between July 23, 2015, and September 25, 2015, Defendant Branson colluded with Midland police and other agencies to falsely institute perjury charges against Plaintiff.  Plaintiff claims that Defendant Branson fabricated evidence against him through coercion and intimidation of witnesses.  Plaintiff seeks damages and equitable relief.

## Discussion

### I.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions.  *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 679.  Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  "[W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(I)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Initially, the Court notes that Plaintiff's complaint consists entirely of conclusory assertions that his rights were violated, and is unsupported by specific factual allegations. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-69 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Moreover, a municipality, such as the City of Midland, may only be liable under § 1983 when its policy or custom causes the injury, regardless of the form of relief sought by the plaintiff. *Los Angeles Cnty. v. Humphries*, 131 S. Ct. 447, 453-54 (2010) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1974)). In a municipal liability claim, the finding of a policy or custom is the initial determination to be made. *Doe v. Claiborne Cnty.*, 103 F.3d 495, 509 (6th Cir. 1996). The policy or custom must be the moving force behind the constitutional injury, and a

plaintiff must identify the policy, connect the policy to the governmental entity and show that the particular injury was incurred because of the execution of that policy. *Turner v. City of Taylor*, 412 F.3d 629, 639 (6th Cir. 2005); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003); *Doe*, 103 F.3d at 508-509. It is the court's task to identify the officials or governmental bodies which speak with final policymaking authority for the local government in a particular area or on a particular issue. *McMillian v. Monroe Cnty.*, 520 U.S. 781, 784-85 (1997).

Plaintiff's claim against the City fails at this first step because he does not identify a policy or custom. A "policy" includes a "policy statement, ordinance, regulation, or decision officially adopted and promulgated" by the sheriff. *Monell*, 436 U.S. at 690. Plaintiff has not asserted that there is an official policy. Nor has Plaintiff identified a custom. The Sixth Circuit has explained that a "custom"

> . . . for the purposes of *Monell* liability must be so permanent and well settled as to constitute a custom or usage with the force of law. In turn, the notion of "law" includes deeply embedded traditional ways of carrying out state policy. It must reflect a course of action deliberately chosen from among various alternatives. In short, a "custom" is a "legal institution" not memorialized by written law.

*Claiborne Cnty.*, 103 F.3d at 507 (citations and quotations omitted).

Where a plaintiff fails to allege that a policy or custom existed, dismissal of the action for failure to state a claim is appropriate. *Rayford v. City of Toledo*, No. 86-3260, 1987 WL 36283, at *1 (6th Cir. Feb. 2, 1987); *see also Bilder v. City of Akron*, No. 92-4310, 1993 WL 394595, at *2 (6th Cir. Oct. 6, 1993) (affirming dismissal of § 1983 action because the plaintiff's allegation of a policy or custom was conclusory). Therefore, the Court will dismiss Plaintiff's claims against Defendant City of Midland because he has failed to state a claim upon which relief may be granted.

- 4 -

To the extent Plaintiff seeks equitable and monetary relief against Defendant Branson for alleged violations of his due process and equal protection rights during a state criminal investigation against him, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). The conduct of Defendant Branson relating to the criminal investigation against Plaintiff concerns Plaintiff's criminal conviction. Therefore, Plaintiff's action is barred under *Heck* unless and until his criminal conviction has been invalidated.

Finally, with regard to Plaintiff's claim that Defendant Branson defamed him in an email dated September 23, 2015, 42 U.S.C. § 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994). To the extent that Plaintiff's complaint presents allegations under state law, this

- 5 -

Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998). Accordingly, Plaintiff's claim against Defendant Branson regarding the allegedly defamatory email will be dismissed without prejudice to Plaintiff's ability to bring the claim in state court.

### Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

An Order consistent with this Opinion will be entered.

Dated:  November 10, 2016                    /s/ Gordon J. Quist
                                        GORDON J. QUIST
                                        UNITED STATES DISTRICT JUDGE